IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HOSEA PRESCOTT, | } | |
| TDCJ-CID NO. 1272976, | } | |
| Petitioner, | } | |
| v. | } | CIVIL ACTION NO. H-08-1854 |
| | } | |
| NATHANIEL QUARTERMAN, | } | |
| Respondent. | } | |

OPINION ON DISMISSAL

Petitioner Hosea Prescott, an inmate incarcerated in the Texas Department of Criminal Justice–Correctional Institutions Division ('TDCJ-CID'), has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his felony conviction for burglary of a habitation with intent to commit theft. (Docket Entry No.1). Respondent has filed a motion for summary judgment. (Docket Entry No.9). Petitioner has filed a response to the motion. (Docket Entry No.12). After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and dismiss this habeas petition.

I. BACKGROUND AND PROCEDURAL HISTORY

A jury in the 183rd Criminal District Court of Harris County, Texas convicted petitioner of burglary of a habitation with intent to commit theft in cause number 959955. *Prescott v. State*, No.14-04-01046-CR, Clerk's Record, page 73. Petitioner pled true to two enhancement paragraphs and the jury sentenced him to confinement for life in the Texas Department of Criminal Justice-Correctional Institutions Division. *Id.* Petitioner complained on direct appeal that the evidence was factually insufficient to support the conviction, that his trial counsel was ineffective because she did not object to photographs of complainant's residence, and

1

that the trial court erred in allowing the prosecutor to comment on petitioner's failure to testify. *Prescott v. State*, No.14-04-01046-CR, 2006 WL 1459517 (Tex. App.–Houston [14th Dist.] 2006, pet. ref'd) (unpublished memorandum opinion). The state intermediate appellate court affirmed the conviction and the Texas Court of Criminal Appeals refused his petition for discretionary review. (Docket Entry No.1). Petitioner did not file a petition for writ of *certiorari* in the United States Supreme Court.

Petitioner sought state habeas relief from the conviction on grounds that he was denied the effective assistance of counsel at trial because his appointed counsel did not request a jury instruction on the defense of mistake of fact and did not object to the prosecutor's comments on petitioner's failure to testify and to petitioner's statements to investigating officers, which were the subject of a motion in limine. *Ex parte Prescott*, Application No.69,769-01, pages 2-9. The state district court, sitting as a habeas court, recommended that relief be denied. *Id.*, pages 52-53. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing. *Id.* at cover.

In the pending petition, petitioner seeks federal habeas relief from this conviction on the ground that he was denied the effective assistance of counsel at trial. (Docket Entry No.1). Petitioner claims that his trial counsel did not request a jury instruction on the defense of mistake of fact and did not object to the prosecutor's violation of the motion in limine and to his improper comment on petitioner's failure to testify. (*Id.*).

Respondent moves for summary judgment on grounds that petitioner has failed to meet his burden of proof under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") and that his claims fail on the merits. (Docket Entry No.9).

## II. DISCUSSION

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a petition for discretionary review and a state habeas corpus application, which the Texas Court of Criminal Appeals denied without written order. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v.*

*Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in the petition for discretionary review and state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.§2254(d)(1), (2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)). Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers")).

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state

court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413. A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.* To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.* Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

While Rule 56 of the Federal Rules regarding summary judgment applies generally "with equal force in the context of habeas corpus cases," *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000), it applies only to the extent that it does not conflict with the habeas rules. *Smith*, 311 F.3d at 668 (citing Rule 11 of the Rules Governing Section 2254 Cases in District Courts). Therefore, section 2254 (e)(1), which mandates that findings of fact made by a state court are presumed correct, overrides the ordinary rule that, in a summary judgment proceeding, all disputed facts must be construed in the light most favorable to the non-moving party. *Id.* Unless the petitioner can "rebut[] the presumption of correctness by clear and convincing evidence" as to the state court's findings of fact, those findings must be accepted as correct. *Id.*

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188

F.3d 250, 255 (5th Cir. 1999). Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521. Nevertheless, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. A federal habeas corpus petitioner's claim that he was denied effective assistance of trial counsel is measured by the standard set out in *Strickland v. Washington*, 466 U.S. 668 (1984). To prevail on an ineffective assistance of counsel claim, petitioner must establish that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Ogan v. Cockrell*, 297 F.3d 349, 360 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 692). The failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim. *Green v. Johnson*, 160 F.3d 1029, 1035 (5th Cir. 1998).

Counsel's performance is deficient when the representation falls below an objective standard of reasonableness. *Ogan*, 297 F.3d at 360. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption" that "trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *West v. Johnson,* 92 F.3d 1385, 1400 (5th Cir. 1996). To overcome this presumption, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1993). Mere "error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment."

*Strickland*, 466 U.S. at 687-90. A deficiency in counsel's performance, standing alone, does not equal ineffective assistance of counsel if no actual prejudice is demonstrated.

Counsel's deficient performance results in actual prejudice when a reasonable probability exists "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* Confidence in the outcome of the trial is undermined when counsel's deficient performance renders "the result of the trial unreliable or the proceeding fundamentally unfair." *Pratt v. Cain*, 142 F.3d 226, 232 (5th Cir. 1998) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993)). "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Pratt*, 142 F.3d at 232 (quoting *Lockhart*, 506 U.S. at 372).

A claim of ineffective assistance of counsel presents a mixed question of law and fact. *Valdez v. Cockrell*, 274 F.3d 941, 946 (5th Cir. 2001). Because petitioner's ineffective-assistance claims were previously considered and rejected on state habeas corpus review, the state court's decision on those claims will be overturned only if it is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

### A. Failure to Request Jury Instruction

Petitioner claims that his trial counsel was ineffective because she did not urge or request a jury instruction on a mistake of fact defense. (Docket Entry No.1). Respondent contends that trial counsel's decision to refrain from requesting a specific jury instruction was a "conscious and informed decision on trial tactics and strategy," and did not deprive petitioner of a fair trial. (Docket Entry No.9).

A person commits the offense of burglary of a habitation in Texas if he enters the habitation of another person, without the owner's consent, with the intent to commit a felony or theft. TEX. PEN. CODE ANN.§30.02 (Vernon 2003). Regardless of the strength of the evidence, a criminal defendant in Texas is entitled to an instruction on the defense of mistake of fact if the evidence shows that "the actor through mistake formed a reasonable belief about a matter of fact if his mistaken belief negated the kind of culpability required for commission of the offense." *Id.*§ 8.02(a); *Shaw v. State*, 243 S.W.3d 647, 662 (Tex. Crim. App. 2007). Petitioner contends that he was entitled to a jury instruction on the defense of mistake of fact because his trial counsel pursued a defense that petitioner entered the premises on a mistaken belief that he was entering a business. (Docket Entry No.12). He notes that trial counsel discussed the defense with jurors during voir dire, that she elicited testimony from witnesses during the State's case-in-chief about a restaurant sign on the building that petitioner entered and testimony regarding the mixed commercial-residential nature of the neighborhood. (*Id.*). He also notes that in her closing argument, trial counsel stated that it was possible that petitioner thought the building he was entering was a business. (*Id.*). Yet, he complains, she did not request the court to include an instruction on the defense of mistake of fact. (*Id.*).

Although the record shows that petitioner's trial counsel pursued the defensive strategy, the record also shows no evidence that petitioner did, in fact, believe the property to be a business. In addressing petitioner's factual insufficiency claim, the Fourteenth Court of Appeals found that the record contained no evidence that petitioner mistook complainant's house or her guest house for a restaurant or any other business or that the petitioner intended to enter the building for any legitimate purpose. *Prescott*, 2006 WL 1459517 at *2. The state appellate court found "[t]he evidence presented at trial suggests just the opposite." *Id.* The state appellate

8

court summarized the evidence with respect to petitioner's actions on the property, as follows in pertinent part:

> After Mrs. Johnson's housekeeper locked the front door to the main house behind her, appellant did not leave the premises, as one who was there seeking employment opportunities might; instead, appellant entered the detached guest house, which clearly was being used as a residence and was suitable for overnight accommodations. Appellant went into the bedroom. He searched through the dresser drawers and removed items from the jewelry box. Appellant exited the guest house only after the police sirens sounded in the front of the house.

*Id.*

Petitioner's trial counsel, Melissa Harper, attested by affidavit in state habeas proceedings that she did not request the instruction for the following reasons:

> I did not believe it was necessary or beneficial to request a jury instruction on mistake of fact. Mr. Prescott was trapped inside of the property's gate when the police arrived at the scene. As Applicant states, it was my trial strategy to show that Mr. Prescott was only on the property because he thought it was a business. I did this by eliciting testimony that a "Jake's" restaurant sign was on the property he entered, there were numerous parking spots on the property and the neighborhood was commercial in nature.
>
> However, during the trial, Ann Johnson testified the drawers in her bedroom had been rummaged through and everything in her bedroom was out of place and not how she had left it that morning. Additionally, the maid saw Mr. Prescott upstairs in Ms. Johnson's bedroom.
>
> Section 8.02 of the Texas Penal Code provides that it is a defense to prosecution that the accused, because of a mistake, formed a reasonable belief regarding a fact, if his mistaken belief negated the culpable mental state required for the commission of the offense charged. In this case, Mr. Prescott was charged with burglary of a habitation, not trespass. The State offered evidence to prove Mr. Prescott not only entered the property, but also the residence with the intent to commit a theft. In this instance, a mistaken belief of being on the property would not negate the culpable mental state for the theft.

*Ex parte Prescott*, Application No.69,769-01, pages 46-47.

The state habeas court found the affidavit credible. *Id.* at 52. Based on the record and Harper's affidavit, the state habeas courts found that petitioner failed to show that he had been denied the effective assistance of counsel at trial. *Id.*

The Fifth Circuit has recognized, repeatedly, that a "conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *Geiger v. Cain*, 540 F.3d 303, 309 (5th Cir. 2008) (quoting *Johnson v. Dretke*, 394 F.3d 332, 337 (5th Cir. 2004)). In this case, petitioner's trial counsel determined the evidence did not warrant such defense even though she pursued such defense at trial. The record and the state courts' findings support her decision.

Petitioner presents nothing to overcome the findings of the state courts and nothing to overcome the presumption that his trial counsel rendered constitutionally effective assistance by declining to request a defensive instruction.

### B. Failure to Object

Petitioner complains that his trial counsel's performance was deficient and prejudicial because she did not voice an objection to the prosecutor's comment on his failure to testify and his comments that allegedly violated a motion in limine.[1] (Docket Entry No.1). Respondent contends that trial counsel made an informed and strategic decision not to object to the prosecutor's comments about statements petitioner allegedly made to an investigating officer, which were the subject of a motion in limine and that she had no other legitimate basis upon which to object to such comments. (Docket Entry No.9).

---

[1] Petitioner complained on direct appeal to the prosecutor's comments regarding his failure to testify. *Prescott*, 2006 WL 1459517 at *4-5. The state appellate court found that petitioner did not preserve error with respect to this claim because his trial counsel did not voice an objection to the comment. *Id.* at *5.

10

The record reflects that the state district judge granted petitioner's motion in limine and instructed the prosecutor to refrain from making direct or indirect references to petitioner's unadjudicated offenses and extraneous crimes and "[a]ny statements made by Hosea Prescott at or near the time of his arrest on August 28, 2003."[2] *Prescott v. State*, No.14-04-01046-CR, Clerk's Record, pages 44-45, 47. During his examination of the investigating officer, the prosecutor told the court at a bench conference that he was not going to violate the motion in limine but was going to question the officer about the questions the officer asked petitioner. *Id.*, Reporter's Record, Volume 3, page 57. In response to questions, the officer testified that he asked petitioner for his account of the incident and petitioner answered the question. *Id.*, page 59. The officer testified that he then asked petitioner to explain in more detail his response to the first question and petitioner answered the question. *Id.* The officer further testified that he asked petitioner additional questions and that petitioner was not cooperative. *Id.*, page 60.

At a bench conference, petitioner's trial counsel indicated that she wanted to ask the officer about one of petitioner's answers, which was the subject of the motion in limine. *Id.*, page 60. The answer she was seeking to elicit was that petitioner was looking for a job. *Id.* The prosecutor indicated that he would object on hearsay grounds and the court agreed that the

---

[2] The record also shows that the State had notified defendant of its intention to use petitioner's statements to the investigating officer on the date of the incident. *Prescott v. State*, No. 14-04-01046-CR, Clerk's Record, page 40. The State alleged that petitioner made the following statements to the officer:

1. He was trying to ask the Mexican lady about a dog;

2. He was trying to get a job because he thought the place was a business;

3. He gained entry through the gate; he'd been there several times and never had any problems like this before;

4. He had never had a chance to talk to anyone but he had been inside the business before; and,

5. "I'm ready to go back to prison and I hope I get life this time."

*Id.*

11

answer would constitute hearsay. *Id.*, pages 60-61. Trial counsel did not cross-examine the officer about petitioner's response to the officer's question. *Id.*, pages 61-65.

However, during the defense portion of the trial, petitioner's trial counsel questioned the police officer as to whether petitioner offered an explanation for being on the property, to which the officer testified that petitioner offered several explanations. *Id.*, page 27.

During closing argument, petitioner's trial counsel asked the jury to think about what petitioner encountered when he came upon complainant's residence and saw an open gate, several parking spots, and a restaurant sign. *Id.*, Volume 4, pages 29-30. She argued that petitioner's actions showed that he was attempting to ask a question and that the area was highly commercial. *Id.*, page 32. She also argued that it was possible that petitioner thought the property was a business and asked the jury to find him guilty of trespass, if anything. *Id.*, page 32.

Thereafter, the prosecutor argued that the evidence did not give rise to a finding that petitioner mistakenly thought the property was a business and that he did not intend to commit burglary of a habitation by theft. *Id.* pages 33-35. The prosecutor then argued, as follows:

> Officer Dunn, I asked him if he asked the Defendant what he was doing on the property. He said, yes. Did he answer you? Yes. Did you ask him again? Yes. I asked him again. Was he cooperative? No. And I stopped my questioning.
>
> Defense counsel asked did he give you an explanation for what he was doing in that house? Officer Dunn, yes, several. What does that tell you? Some of you sitting here, well, what did he say, I want to know. The law doesn't allow it. We can only present the evidence the law allows. The law does not allow that evidence. He's giving him several answers.

*Id.* page 35.

In state habeas proceedings trial counsel Harper attested regarding her reasons for not voicing an objection to the prosecutor's arguments, as follows:

1. I did not feel it was necessary or beneficial to object to the statement in closing argument by the prosecutor based on the fact that the statement was a violation of the motion in limine. In my opinion, the fact that Mr. Prescott gave explanations for being on the property was far less damaging than standing up and objecting and looking like we were trying to hide something from the jury. It was a decision that had to be made in a split second and it seemed the lesser of two evils. The jurors could use their imaginations for why Mr. Prescott might have been there. Throughout the trial I certainly tried to plant seeds that there was a business there. Mr. Prescott's priors precluded him from taking the stand to tell the story himself. Finally, the prosecutor's words speak to the motion in limine. He specifically says, "[W]e can only present the evidence the law allow. [sic] The law does not allow that evidence."

2. I did not feel it was necessary or beneficial to object to the statement in closing argument by the prosecutor based on the fact that the statement was an impermissible comment on Applicant's failure to testify. Again, as far as trial strategy, I felt it was a good thing that the jury heard Mr. Prescott did give reasons for being on the property. And again, Mr. Prescott could not risk testifying because of the risk of all of his priors coming out in front of the jury. Therefore, this was not a perfect situation, but the jurors did know Mr. Prescott gave some kind of explanation for being on someone else's property. Lastly, to object would have made it look like we were trying to hide some part of his conversation with the police instead of leaving it to juror's imaginations. The Rules of Evidence allowed the fact Mr. Prescott answered the police officer's questions at the scene to come into evidence. Although Hearsay Rules did not allow the exact answers, it made more sense not to draw attention to our weaknesses.

3. I did not feel it was necessary or beneficial to object to the statement in closing argument by the prosecutor for any reason. For the above-stated reasons I did not feel it was necessary to object to the prosecutor's statement. Additionally, for no other reason did I feel it was necessary to object to the prosecutor's statement.

*Ex parte Prescott*, Application No.69,769-01, pages 47-48.

The state habeas courts found that Harper's affidavit was credible and based on such affidavit and the trial record, the courts held that the totality of the representation afforded petitioner was sufficient to protect his right to reasonably effective assistance of counsel. *Id.*, page 52.

The record shows that trial counsel's strategy was to frame the evidence and argument so that the jurors might consider the possibility that petitioner entered the property because he thought it was a business and perhaps that he offered the same explanation to the investigating officer. Moreover, while it is true that the State may not comment on a defendant's failure to testify, *Griffin v. California*, 380 U.S. 609, 614 (1965), the record shows that the prosecutor's comment was directed toward the substance of the motion in limine and not petitioner's failure to testify. *See Cotton v. Cockrell*, 343 F.3d 746, 751 (5th Cir. 2003) (defining what constitutes a comment on the defendant's silence and noting that such comment is analyzed in context of trial). Even so, petitioner's trial counsel made a conscious decision not to draw attention to the fact that petitioner's explanations were not presented to the jury, which she perceived as a weakness, by voicing an objection to the comment. *See United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (noting that "[i]nformed strategic decisions of counsel are given a heavy measure of deference and should not be second guessed"). Petitioner fails to show that trial counsel's decision to forgo an objection to the prosecutor's comments amounts to deficient performance or that he was prejudiced thereby. Accordingly, the Court finds nothing unreasonable in the state court's application of clearly established federal law or the state court's determination of facts in light of the evidence.

Respondent is entitled to summary judgment on petitioner's claims of ineffective assistance of counsel.

### III. CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability from this decision will not issue.

### IV. CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding and appellate courts, the Court ORDERS the following:

    1. Respondent's motion for summary judgment (Docket Entry No.9) is GRANTED.

2. Petitioner's petition for federal habeas relief is DENIED.

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

5. This habeas action is DISMISSED with prejudice.

The Clerk will provide a copy to the parties.

SIGNED at Houston, Texas, this 22nd day of July, 2009.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE